FILED

2017 Sep-11  PM 12:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| NICOLE SLONE *and* <br> JONATHAN SLONE, <br><br>     Plaintiffs, <br><br> v. <br><br> J. MICHAEL WHITE, <br> ECO-PRESERVATION SERVICES L.L.C., <br> SERMA HOLDINGS, LLC, <br> AKETA MANAGEMENT GROUP, <br> KNOBLOCH, INC., <br> TOWN OF LAKE VIEW, <br> GOVERNMENT UTILITY SERVICES <br> CORPORATION OF LAKE VIEW, <br> D.R. HORTON, INC. – BIRMINGHAM, <br> MICHAEL J. WALRAVEN, <br> ENGINEERS OF THE SOUTH, LLC, and <br> EOS UTILITY SERVICES, L.L.C., <br><br>     Defendants. | Case No.:_____ |

## COMPLAINT

***COMES NOW***, the Plaintiffs, Nicole Slone and Jonathan Slone, through their

attorneys of record, Bobby H. Cockrell, Jr. and Jonathan D. Townsend, and file this

Complaint against the various Defendants J. Michael White, ECO-Preservation

Services L.L.C., SERMA Holdings, LLC, AKETA Management Group, Knobloch,

Inc., Town of Lake View, Government Utility Services Corporation of Lake View,

Michael J. Walraven, Engineers of the South, L.L.C., and EOS Utility Services, L.L.C.. In support thereof, Plaintiffs complain as follows:

## INTRODUCTION

1.      Under Section 1983 of Title 42 of the U.S. Code and other applicable federal and state laws, the Plaintiffs seek to enforce their federal constitutional and lawful rights herein and request this Honorable Court to afford remedies for injuries sustained, against the Defendants as municipalities, local officials, entities and individuals acting under color of state law.

2.      The Plaintiffs' request Declaratory and Injunctive relief, as well as, Compensatory and Punitive damages.

## JURISDICTION, VENUE & JURY DEMAND

3.      This Court has jurisdiction over Plaintiffs' federal civil rights claims, under *28 U.S.C. § 1343 and 28 U.S.C. § 1331*. This Court also may exercise supplemental jurisdiction over Plaintiffs' state-law claims arising from the same factual circumstances, events and transactions, under *28 U.S.C. § 1367(a)*.

4.      Venue is proper in this Court under *28 U.S.C. § 1391(b)* because the Defendants reside in and/or conduct business in Tuscaloosa County. Therefore, this

action is properly maintained in the United States District Court for the Northern Division of Alabama, Western Division.

5.      Furthermore, a substantial part of the events or omissions giving rise to the claim occurred in and a substantial part of property that is the subject of the action is situated in Tuscaloosa County, Alabama. Therefore, this action is properly maintained in the United States District Court for the Northern Division of Alabama, Western Division.

6.      The Plaintiffs' demand a Trial by Jury because the value in controversy is greater than twenty dollars ($20.00), *U.S. Const. amend. VII.*

---

## PARTIES

---

7.      Plaintiff Nicole Slone is a United States Citizen and an adult resident of Tuscaloosa County, Alabama.

8.      Plaintiff Jonathan Slone is a United States Citizen and an adult resident of Tuscaloosa County, Alabama.

9.      Defendant J. Michael White is an adult United States Citizen and at all times, relevant hereto, did and is doing business in Tuscaloosa County, Alabama. Defendant White is the Operating Manager of SERMA Holdings, LLC and ECO-Preservation, L.L.C.; President of Knobloch, Inc.; Owner/Operator of AKETA Management Group; and Agent for the Public Corporation, Governmental Services

Utility Corporation of Lake View, a.k.a. Lake View Public Sewer Corporation, a.k.a.
Town of Lake View Governmental Services Utility Corporation.

10.     Defendant ECO-Preservation Services, L.L.C. (hereinafter "ECO-
Preservation d/b/a Tannehill Sewer") is an Alabama domestic limited liability
company doing business as Tannehill Sewer, a.k.a. Tannehill Sewer Fund, and was
incorporated by Defendant White. Defendant ECO-Preservation d/b/a Tannehill
Sewer serves as an intermediary company and debt collector for Defendant SERMA
Holdings, LLC. At all times, relevant hereto, Defendant ECO-Preservation d/b/a
Tannehill Sewer did and is doing business in Tuscaloosa County, Alabama.

11.     Defendant SERMA Holdings, LLC (hereinafter "SERMA Holdings")
is an Alabama domestic limited liability company incorporated by Defendant White.
Defendant SERMA Holdings is the Operating Manager for Defendant ECO-
Preservation d/b/a Tannehill Sewer. At all times, relevant hereto, Defendant
SERMA Holdings did and is doing business in Tuscaloosa County, Alabama.

12.     Defendant AKETA Management Group (hereinafter "AKETA") is an
unincorporated Alabama entity owned and managed by Defendant White. Defendant
AKETA serves as a debt collector for Defendant SERMA Holdings. At all times,
relevant hereto, AKETA did and is doing business in Tuscaloosa County, Alabama.

13.     Defendant Knobloch, Inc. is an Alabama domestic corporation
incorporated by Defendant White. Knobloch, Inc. is the official permittee for all

pertinent National Pollutant Discharge Elimination System (NPDES) permits for the wastewater treatment plant and subsequent disposition collected from the sanitary sewer system owned, leased, and operated by Defendants SERMA Holdings and ECO-Preservation d/b/a Tannehill Sewer. Defendant Knobloch, Inc. was and is the developer for the subdivisions connected to the sanitary sewer system of Lake View and annexed areas. At all times, relevant hereto, Defendant Knobloch, Inc. did and is doing business in Tuscaloosa County, Alabama.

14.     Defendant Town of Lake View (hereinafter "Lake View") is a municipal corporation organized and existing pursuant to the laws of Alabama and situated in Tuscaloosa County, Alabama. Defendant Lake View is the governing municipality over and public incorporating entity for Defendant Governmental Utility Services Corporation of Lake View pursuant to *Ala. Code §11-97-23 (1975)*. At all times, relevant hereto, Defendant Lake View governed and is governing as an incorporated municipal entity in Tuscaloosa County, Alabama. Defendant Lake View also enjoys definitive regulatory authority over its sanitary sewer system under its state law mandated police powers.

15.     Defendant Government Utility Services Corporation of Lake View a.k.a. Lake View "Public Sewer Corporation", a.k.a. Town of Lake View Governmental Services Utility Corporation (hereinafter "Lake View G.U.S.C.") (*See Ex. 1, incorporated into this Complaint*), is a public corporation organized and

existing pursuant to *Ala. Code §11-97-23 (1975) and* the laws of Alabama and is situated in Tuscaloosa County, Alabama. At all times, relevant hereto, Defendant Lake View G.U.S.C. governed and is governing as an incorporated municipal entity in Tuscaloosa County, Alabama. Defendant Lake View G.U.S.C. sets policies and procedures including rates for Defendant Lake View's sanitary sewer system.

16.     Defendant D.R. Horton, Inc. - Birmingham (hereinafter "D.R. Horton - Birmingham") is an Alabama domestic corporation. Defendant D.R. Horton - Birmingham owned, granted and conveyed the Plaintiffs' residential house and real property subject to Defendant Lake View's sanitary sewer system and is doing business in Tuscaloosa County, Alabama. Defendant D.R. Horton - Birmingham fraudulently suppressed material facts concerning prevalent sanitary sewer system issues, further alleged below.

17.     Defendant Michael J. Walraven, P.E. (hereinafter "Walraven") is an adult United States Citizen and at all times, relevant hereto, did and is doing business in Tuscaloosa County, Alabama. Defendant Walraven is the Operating Manager for Defendant Engineers of the South, L.L.C. and Defendant EOS Utility Services, L.L.C. Defendant Walraven, individually and as an agent for said Defendants, illegitimately filed an Alabama Uniform Incident/Offense Report for Theft of Services First Degree (Greater than $2,500), pursuant to Ala. Code §13A-8-10.1, against Plaintiff Nicole Slone due to an allegedly broken water valve and the alleged

removal of a master lock. Defendant Walraven acted for Defendant White, as an agent, and his various entities in committing this baseless act.

18.     Defendant Engineers of the South, L.L.C. (hereinafter "Engineers") is an Alabama domestic corporation. Defendant Engineers services Defendant Lake View's sanitary sewer system servicing the Plaintiffs' residential house and real property and is doing business in Tuscaloosa County, Alabama. Defendant Engineers is implicated in this action through its agent and operating manager, Defendant Walraven, acting in concert with the other Defendants to injure and deprive the Plaintiffs of their lawful rights.

19.     Defendant EOS Utility Services, L.L.C. (hereinafter "EOS Utility") is an Alabama domestic corporation. Defendant EOS Utility services Defendant Lake View's sanitary sewer system servicing the Plaintiffs' residential house and real property and is doing business in Tuscaloosa County, Alabama. Defendant EOS Utility is implicated in this action through its agent and operating manager, Defendant Walraven, to injure and deprive the Plaintiffs of their lawful rights.

## FACTS

20.     Defendant White controls the sanitary sewer system for Defendants Lake View and Lake View G.U.S.C. through his various agreements, loans, leases, and entities also named herein as Defendants SERMA Holdings (system property

owner/lessee), Knobloch, Inc. (permit holder), ECO-Preservation d/b/a Tannehill

Sewer (named service entity and debt collector) and AKETA (debt collector).

21.    Defendants do not control water supply services to the Plaintiffs' house.

Defendants manage, maintain, and service the sanitary sewer system. However,

Defendants committed threatened and acted to disrupt the water services supply to

the Plaintiffs' house. Said water supply is properly provided by the Warrior River

Water Board.

22.    All water mains running to the meter servicing the Plaintiffs' house are

owned and operated by Warrior River Water Board.

23.    Warrior River Water Board owns lines and easements running to their

meter buried in the Plaintiffs' front yard.

24.    The Plaintiffs' own the property and a water line from the connection

point of Warrior River Water Board's meter thereafter running to their house.

25.    Defendants neither have a property interest in the water main or lines

running to the Plaintiffs' house nor a right to interfere with any water main or lines

running to the Plaintiffs' house.

26.    Defendants do not enjoy a statutory or lawful right to place a pad lock

on the water line to prevent water access.

27.     On October 31, 2014, the Plaintiffs purchased and took possession of a single-family house located at 23040 McGehee Drive, McCalla, Alabama 35111 ("house"). (*See Ex. 2, incorporated into this Complaint*)

28.     Also on October 31, 2014, the Plaintiffs assumed a mortgage for their house. ("mortgage"). (*See Ex. 3, incorporated into this Complaint*)

29.     On October 31, 2014, the Plaintiffs and their four children moved into their house.

30.     The Plaintiffs were thrilled to be homeowners and to provide their children a wonderful home to grow.

31.     Plaintiff Jonathan Slone is a coal miner in Brookwood, Alabama.

32.     Plaintiff Nicole Slone is a homemaker caring for their four children, including attending to the needs of their 7-year-old son who has autism.

33.     In early 2016, Plaintiff Jonathan Slone lost his job with the coal mines in Brookwood, Alabama and the family was left without a steady income.

34.     The Plaintiffs struggled financially to make ends meet and eventually decided in the Summer of 2016 to temporarily relocate to Kentucky to try to find work to provide for their family.

35.     Plaintiff Nicole Slone called Defendant ECO-Preservation d/b/a Tannehill Sewer to request a temporary disconnect while they were away.

36.     The representative for Defendant ECO-Preservation, d/b/a Tannehill Sewer stated plainly that this temporary disconnect would not be an issue.

37.     The Plaintiffs assumed their sewer service was therefore provisionally suspended and they temporarily relocated to Kentucky for work opportunities.

38.     However, Defendant ECO-Preservation, d/b/a Tannehill Sewer did not honor this agreement to suspend sewer service.

39.     In October 2016, Plaintiff Jonathan Slone was rehired at the coal mines in Brookwood, Alabama, wherein the family moved back to their house.

40.     Plaintiff Nicole Slone called Defendant ECO-Preservation d/b/a Tannehill Sewer to request a reconnection upon moving back in.

41.     However, the representative for Defendant ECO-Preservation, d/b/a Tannehill Sewer stated that the Defendants had an "ALWAYS ON" policy.

42.     This "ALWAYS ON" policy meant the Plaintiffs must pay the previous balance owed from the relocation period.

43.     Plaintiff Nicole Slone was astonished that the Defendants would intentionally lie to her about the temporary disconnect and then attempt to collect.

44.     Plaintiff Nicole Slone protested this and explained their financial circumstances, but the Defendants' representative was indifferent and said they must pay the balance of three thousand, six hundred and ten dollars and sixty-four cents ($3,610.64) to make the account current.

45.    Plaintiff Nicole Slone said she could pay some of the amount for services since Plaintiff Jonathan Slone was working at the coal mines again.

46.    After this conversation, the Plaintiffs started incrementally paying towards their "In-Collection Statement." (*See Ex. 4, incorporated into this Complaint*).

47.    On April 28, 2017, the Defendants accepted one payment for one hundred dollars and zero cents ($100.00).

48.    All other attempts to remit payment to the Defendants were returned to the Plaintiffs for failure to pay the full amount.

49.    On July 24, 2017, the Defendants trespassed on the Plaintiffs' property and disconnected the Plaintiffs' water supply service locking the Plaintiffs' water cut off valve located on their property.

50.    Defendants then charged the Plaintiffs one hundred and twenty-five dollars and zero cents ($125.00) to disconnect their water service.

51.    Defendants have a "water cut off" policy in place in which the Defendants would install Master Lock pad locks on property owners' water lines in between the house and water meter if the property owners payments are delinquent.

52.    On July 25, 2017, the Plaintiffs sent an email seeking redress for their disputed claim. (*See Ex. 5, incorporated into this Complaint*).

53.    The Plaintiffs were without water for three (3) weeks.

54.     During this time, the Plaintiffs were forced to purchase bottled water which was used to flush their toilets and wash their dishes. The Plaintiffs were compelled to bathe at friends' and family's houses.

55.     Plaintiff Jonathan Slone would come home from working in the mines, filthy from the black coal dust, and have to leave his house to find a shower in order to bathe.

56.     The Defendants actions seriously disrupted the Plaintiffs' seven (7) year old autistic son's routine in which he was comfortable; creating an appalling trauma and distress for the Plaintiffs' 7-year-old autistic child.

57.     The Defendants tormented the Plaintiffs' and their children with a blatant act against their health, wellbeing and safety regarding water accessibility by disconnecting the Plaintiffs' water supply without any legal or statutory authority.

58.     On July 26, 2017, the Plaintiffs received a letter with an Assessment Statement affirming in relevant part, *"You have been <u>assessed</u> a penalty fee for Tampering with a Sewer Service Disconnect and Unauthorized Discharge pursuant to §14.2020 and §14.2040 of the Wastewater Standards, rules and regulations ("Sewer Regulations")."* (*See Ex. 6, incorporated into this Complaint*)

59.     In that same letter, Defendants threatened criminal prosecution stating in relevant part, *"A police report will also be filed with the Lake View Police Department and, after investigation, <u>you may be subject to criminal prosecution</u>*

*under Code of Alabama §13A-8-10 and §13A-8-23 and a warrant issued for your arrest."*

60.     On August 2, 2017, Defendant Walraven, individually and as an agent for said Defendants, illegitimately filed an Alabama Uniform Incident/Offense Report for Theft of Services First Degree (Greater than $2,500), pursuant to Ala. Code §13A-8-10.1, against Plaintiff Nicole Slone for an allegedly broken water valve and the alleged removal of a master lock. Defendant Walraven acted for Defendant White, as an agent, and his various entities in committing this baseless act. (*See Ex. 7, incorporated into this Complaint*).

61.     Further adding undue duress and pressure to the Plaintiffs to pay the FULL disputed claim, the assessment letter immediately thereafter stated, *"You have 10 days from the above date to pay your account current and to replace/repair the Water Cut-Off Valve according to the attached specification sheet, pursuant to §11-0900 of the Sewer Regulations."*

62.     The Plaintiffs were never provided a copy of the "Sewer Regulations" on which the Defendants claimed "assessment" authority.

63.     On July 26, 2017, the Defendants' sent an Assessment Statement to the Plaintiffs stating they were being charged, five hundred dollars and zero cents ($500.00) for replacement parts and five thousand dollars and zero cents ($5,000.00)

charge for "tampering" with the lock on the water supply line. (*See Ex. 8, incorporated into this Complaint*).

64.    The Defendants charged the Plaintiffs a total of ten thousand, one hundred dollars and two cents ($10,180.02) for the balance forward, for "Tampering w/Sewer Service Disconnect" and for "Unauthorized Discharge – Cut Lock Off Valve."

65.    The Plaintiffs neither committed these alleged actions nor liable for such outrageous amounts.

66.    The Defendants' representative was indifferent and offered no opportunity to appeal the outrageous disputed service charges.

67.    The Defendants have no statutory or lawful right to pad lock the water supply line running from the meter to the Plaintiffs' house.

68.    Warrior River Water Board does not authorize and will not authorize any termination of water supply to enforce unpaid sewer bills. (*See Ex. 9, incorporated into this Complaint*).

69.    The Defendants placed an Assessment against the Plaintiffs property in the amount of ten thousand, one hundred dollars and two cents ($10,180.02)

70.    Defendants Assessment subjects the Plaintiffs' property to unreasonable and uncertain adverse property rights claims.

71.     Plaintiffs have not signed a Utility Services Agreement and the Defendants have not provided Plaintiffs with a copy of this contract.

72.     Defendants rely on Utility Services and Water Agreements filed in Probate Court to add validity to their Assessment scheme.

73.     Defendant White's collection business, Defendant AKETA, serves as a collection authority for debts owed to Defendant SERMA Holdings and in coordination with Defendant ECO-Preservation d/b/a Tannehill Sewer.

74.     Defendant AKETA provided a website http://www.goassessment.com for the Plaintiffs' subdivision wherein the site's main banner states in bold: "*Assessment Letters & Estopple [sic] Certificates that may affect title to your property or businesss [sic]…*"

75.     The Defendants, who control of the sanitary sewer system, did not offer any opportunity for a procedural hearing, either before or after the interruption in water supply services, to dispute the "tampering" charges.

76.     Defendants can profit and gain from a denial of procedural due process and partial decision making regarding disputed charges.

77.     Defendants White and SERMA Holdings receive financial gain from these outrageous charges collected by Defendants ECO-Preservation d/b/a Tannehill Sewer and AKETA.

78.     Defendants Lake View and Lake View G.U.S.C. are beholden and financially indebted to Defendants White and SERMA Holdings which prevented them (Defendants Lake View and Lake View G.U.S.C.) from conducting actual oversight and regulatory functions.

79.     Defendants   website,   http://www.tannehillsewer.com/pdf/TSS-bill-questions.pdf, for said utility offers no opportunity for redressing the issues but instead offers the following advice in its "Billing Questions" tab:

> *If your sewer bill has a charge that you believe is incorrect, you should first read all of the information available on our website regarding billing, collections and frequently asked questions. If you do not find the answer to your question there, you should contact Customer Support.* ***If you then wish to dispute a charge you should first pay your outstanding sewer bill in full to avoid Late Fees, Finance Charges and other assessments, and avoid having utility service to your property interrupted.*** *You should then send a written request (or Email to Customer Support) as to the nature of your dispute and why you feel that you should not have received the specific charge in question. You also should include your name, account number, service address, Email address, and contact phone number. You will receive back from us a final determination response, in writing (or by Email), regarding the disputed charge. If it is determined that you were charged incorrectly, you will receive a credit to your account for the disputed charge and any other charges resulting from the disputed charge.*

80.     The Defendants offered the following advice on their website, http://www.tannehillsewer.com/pdf/TSS-collections.pdf, regarding their collection rights and water cut-off valve tampering:

> Why does the Sewer Utility have the right to install a Water Cut-off Valve and lockout my water service? Under the Wastewater Standards, rules and regulations of the Sewer Utility (Section 7.1700 and Section 11.0920) a water supply cut-off valve shall be installed and maintained, at Owner's expense,

for each property connected to the sewer system. This water supply cut-off valve shall be separate from any other water supply valve and controlled by the Sewer Utility. This method of utility service interruption for non-payment is preferable to a Sewer Service Line Disconnection to protect your property from damage that could be caused by a drainage backup. What if I refuse to let you interrupt my water supply? Under the Wastewater Standards, rules and regulations of the Sewer Utility (Section 12.0110 and Section 11.0920) a utility worker shall be permitted access to your property. Any violation of the above may result in a fine and assessment against your property in the amount set forth in the Sewer Rate schedule for each occurrence and criminal prosecution against you personally. Under Article II of the Sewer Utility Services Agreement, recorded with the Office of the Judge of Probate where your property is located, the Sewer Utility has the absolute right to enter upon your property to locate, install, repair, and lock-out a Water Cut-off valve to interrupt the water supply to your property. If you act in any way with intent to prevent a utility worker from performing a lawful duty, it may be considered a criminal offense under Code of Alabama §13A-6-21. If you tamper with a Water Cut-off valve or lock, it may be considered a criminal offense under Code of Alabama §13A-8-23. If you harass a utility worker in any way, it may be considered a criminal offense under Code of Alabama §13A-6-23. If you have in any way prevented the Sewer Utility from interrupting service and your property remains connected to the sewer system, it may be considered "Theft of Services" and a criminal offense under Code of Alabama §13A-8-10. If you commit any of the above acts, a warrant may be issued resulting in your arrest and prosecution by the District Attorney. You may obtain a copy of the recorded Utility Services Agreement pertaining to your property from the Office of the Judge of Probate where your property is located, or a copy may be available on our website. You may obtain a copy of the current Wastewater Standards from our website. What is a Sewer Service Line Disconnection? The Sewer Service Line is the pipe that runs from the house or building drainage system and connects with the Sewer Utility sewer main collection pipe or manhole. Under certain circumstances, such as interruption for non-payment or permanent termination of service, the Sewer Utility has the right to dig up this pipe and plug it or sever the connection to the sewer main. If this happens and your property continues to use water, your house or building drainage system will backup and overflow and may cause substantial damage to your property for which the Sewer Utility would not be responsible.

81.    The  Tannehill  Sewer  System  is  according  to  its  website,

http://www.tannehillsewer.com/, "a cooperative effort between [Defendants] ECO-

Preservation Services, the Lake View Public Sewer Corporation, and the Knobloch

corporation."

---

## CLAIMS AGAINST DEFENDANTS

---

## COUNT ONE
### 42 U.S.C. §1983 VIOLATION
### OF PLAINTIFFS' CONSTITUTIONAL PROPERTY AND LIBERTY RIGHTS

82.    Plaintiffs reallege and replead all allegations presented in paragraphs 1

through 81 of this Complaint and incorporates them herein by reference.

83.    Defendants acting individually and as state actors in coordination with

the other Defendants including but not limited to the Lake View, Lake View

G.U.S.C., White, ECO-Preservation d/b/a Tannehill Sewer, SERMA Holdings,

AKETA, and Knobloch, Inc., under color of state law, deprived Plaintiffs of their

constitutional rights of use and enjoyment of their property and their rights of

ownership when they wrongfully disconnected the water line for a period of three

(3) weeks, and assessed a disputed sewer service liability allegedly running with the

Plaintiffs' property thereby clouding title; impairing their ability to alienate the

property; reducing their chance of obtaining a home equity loan or additional mortgage; and placing their existing mortgage in technical default.

84.     Furthermore, Defendants threatened the Plaintiffs with criminal prosecution if they did not immediately pay the disputed and alleged civil sewer service liability.

85.     Defendants' demand was in direct violation of the Plaintiffs' constitutional property rights and liberties.

86.     Defendants knowingly and intentionally deprived Plaintiffs' of their property rights without due process which violated the Plaintiffs' Fifth and Fourteenth Amendment rights under the United States Constitution.

87.     Defendants acted as a state actor and under color of law when Defendants Town of Lake View and Town of Lake View Governmental Utility Services Corporation board insinuated itself so far into a position of interdependence with the private Defendants White, ECO-Preservation d/b/a Tannehill Sewer, SERMA Holdings, AKETA, and Knobloch, Inc., that it was a joint participant in the enterprise to deprive the Plaintiffs their constitutionally protected rights without procedural due process.

88.     As evidence for this nexus/joint action, the Defendants entered into various agreements that sustain joint action and nexus between public and private Defendants, including the following:

a.   Defendant Lake View G.U.S.C. bought from Lake View their **sanitary sewer system** on July 13, 1999. (*See Ex. 10, incorporated into this Complaint*).

b.   Defendants White and SERMA Holdings loaned approximately two-million dollars and zero cents ($2,000,000.00) to Defendant Lake View G.U.S.C. for "costs of collection, and advances for the management and operation and litigation expense with Borrower's **sanitary sewer system**." (*See Ex. 11, incorporated into this Complaint*).

c.   After various forbearance agreements and default, Defendant Town of Lake View Governmental Utility Services Corporation leased "the entire **sanitary sewer system**" including 53 parcels of property to Defendants White and SERMA Holdings. Defendant Lake View included in this lease granted to Defendants While and SERMA Holdings a Special Power of Attorney called "Power of Substitution" to ACT FOR Defendant Lake View G.U.S.C. as its "true and lawful attorney-in-fact to act in Lessor's Name [Defendant Lake View G.U.S.C.] to effect any ANNEXATION or DEANNEXATION or to add property to the sanitary sewer systems holdings in a "grant of authority" that is "irrevocable and shall constitute a power coupled with an interest." (*See Ex. 12, incorporated into this Complaint*).

d. Defendant White, ECO-Preservation d/b/a Tannehill Sewer and SERMA Holdings are effectively operating as Lake View's **sanitary sewer system** in coordination and in the stead of Defendant Lake View G.U.S.C. According to the Lease, the private Defendants enjoy a twenty-five (25) year lease on "all bonds, cash deposits, bank accounts, chattel and personal property related to or forming a part of the **[sanitary sewer] System** or Lessor's [Defendant Lake View G.U.S.C.] business operations, including trade names."

e. All agreements regarding the **sanitary sewer system** were authorized under certain Resolutions passed and approved by Defendant Lake View G.U.S.C., duly formed under Ala. Code §11-97-1, et. seq., via qualified electors.

f. Private Defendants have commandeered the **sanitary sewer system** and the Defendants Lake View and Lake View G.U.S.C. enabled such.

g. Defendants Lake View and Lake View G.U.S.C. have so far insinuated itself into a position of interdependence with the private Defendants regarding the **sanitary sewer system** that it was a joint participant in the enterprise and systemically intertwined in a symbiotic relationship to deprive the Plaintiffs of their property rights without due process of law.

89.     Defendants Lake View and Lake View G.U.S.C. coerced and/or significantly encouraged the other Defendants to deprive the Plaintiffs of their property and liberty rights without due process. In support thereof, the Plaintiffs aver the following:

a. Defendants Lake View and Lake View G.U.S.C. proffered certain customary Policies and Standards for the sanitary sewer system that patently allowed the other Defendants to deprive the Plaintiffs of their property and liberty rights without due process. (*See Ex. 13, incorporated into this Complaint*).

b. Defendants White, ECO-Preservation d/b/a Tannehill Sewer and SERMA Holdings recently proffered substantially similar or identical Policies and Standards for the sanitary sewer system that patently allowed the other Defendants to deprive the Plaintiffs of their property and liberty rights without due process. (*See Ex. 14, incorporated into this Complaint*).

c. Defendants Lake View and Lake View G.U.S.C. coerced and/or significantly encouraged the other Defendants to deprive the Plaintiffs of their property and liberty rights without due process when it proffered customary Policies and Standards for the sanitary sewer system enabling such deprivation.

90.     Defendants White, ECO-Preservation d/b/a Tannehill Sewer, SERMA Holdings, AKETA, and Knobloch, Inc. are also state actors engaged in activity deemed state action because they are performing functions that are traditionally the exclusive prerogative of the state. In support thereof, the Plaintiffs aver the following:

    a.  A municipal corporation exists under and by virtue of authority and power granted by the State of Alabama. A municipal corporation is a non-profit entity created to promote the health and well-being of the property owners.

    b.  A municipality may enact ordinances pursuant to its police powers.

    c.  Installation and maintenance of sanitary sewer systems is one of the most important duties of a municipality and falls within a municipality's police powers.

    d.  The governmental functions of a municipality include the promotion of the public peace, health, safety, and morals.

    e.  Defendants White, ECO-Preservation d/b/a Tannehill Sewer, SERMA Holdings, AKETA, and Knobloch, Inc. are state actors because they are engaged in activity deemed state action since they are performing sanitary sewer functions under the police powers which is traditionally the exclusive prerogative of the state.

91.    Defendants proximately caused the deprivation of Plaintiffs' property and liberty rights by disconnecting the Plaintiffs' water supply line and assessing a disputed liability allegedly running with the land to the Plaintiffs' property without merit, by continuing to allow Defendants White, ECO-Preservation d/b/a Tannehill Sewer, SERMA Holdings, AKETA, and Knobloch, Inc. to trespass upon Plaintiffs' property which resulted in the taking and disturbance of Plaintiffs' soil and denied Plaintiffs the use of and access to their property, and by illegally threatening the arrest of Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs and expenses incurred by the Plaintiffs in prosecuting this lawsuit including attorneys' fees; (4) further, Plaintiffs request injunctive relief such that Defendants be ejected from Plaintiffs' property and injunctive relief be entered preventing further trespass upon Plaintiffs' property, and injunctive relief such that Defendants neither may file a lien with any court nor demand and/or secure late payment fees with interest during the pendency of this matter for the assessed liabilities in dispute; and (5) Plaintiffs request declaratory relief regarding the

Defendants' right to assess liabilities running with the land under color of law; and (6) such other and further relief as the court may deem just and proper.

---

## COUNT TWO
### CONSPIRACY TO COMMIT 42 U.S.C. §1983 VIOLATIONS

---

92.     Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 91 of this Complaint and incorporates them herein by reference.

93.     Defendants acting individually and as state actors conspired with the other Defendants including but not limited to the Lake View, Lake View G.U.S.C., White, ECO-Preservation d/b/a Tannehill Sewer, SERMA Holdings, AKETA, and Knobloch, Inc., under color of state law, to deprive Plaintiffs of their constitutional rights of use and enjoyment of their property and their rights of ownership when they disconnected the Plaintiffs' water supply line and assessed a disputed sewer service liability allegedly running with the Plaintiffs' property thereby clouding title; impairing their ability to alienate the property; reducing their chance of obtaining a home equity loan or additional mortgage; and placing their existing mortgage in technical default. In doing so, all Defendants acted under the color of state law and deprived Plaintiffs of their rights to have, to use, and to enjoy their property.

94.     Defendants Lake View and Lake View G.U.S.C. conspired with Defendant White to effectively commandeer the town's sanitary sewer system

through his various entities named as Defendants herein and create an outrageous system that punished the Plaintiffs' with excessive and absurd sewer service fees.

95.     Furthermore, Defendants Lake View and Lake View G.U.S.C. conspired with Defendant White and other Defendants to initiate and legitimize assessments against the Plaintiffs' property thereby depriving them of their constitutional rights to the use and enjoyment of their property and their rights of ownership.

96.     Defendants Lake View and Lake View G.U.S.C. conspired with Defendant White and other Defendants to refuse any opportunity to redress the Plaintiffs' grievances because Defendants Lake View and Lake View G.U.S.C. are obligated to Defendants White and SERMA Holdings for indebtedness on the town's sanitary sewer system that is in default; as evidenced in various forbearance agreements and subsequent wholesale sanitary sewer system lease in December 2016.

97.     All Defendants conspired to deprive the Plaintiffs of their constitutional property and liberty rights by deliberately conveying Defendant Lake View's sanitary sewer system and allowing Defendants to commandeer the system to the public's detriment, to maliciously overcharge fees under the guise of municipal policies, to illegally use Plaintiffs' property to attempt to disconnect water lines, and to threaten Plaintiffs with arrest for an alleged civil liability under an assessment.

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs and expenses incurred by the Plaintiffs in prosecuting this lawsuit including attorneys' fees; (4) further, Plaintiffs request injunctive relief such that Defendants be ejected from Plaintiffs' property and injunctive relief be entered preventing further trespass upon Plaintiffs' property, and injunctive relief such that Defendants cannot file a lien with any court nor demand and secure late payment fees with interest during the pendency of this matter for the assessed liabilities in dispute; and (5) Plaintiffs request declaratory relief regarding the Defendants' right to assess liabilities running with the land under color of law; and (6) such other and further relief as the court may deem just and proper.

## COUNT THREE
TRESPASS TO REAL ESTATE

98.     Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 97 of this Complaint and incorporates them herein by reference.

99.     Beginning on or about July 24, 2017, and continuing to the present date, the Defendants entered or caused another to enter upon Plaintiffs' real estate located

at 23040 McGhee Drive, McCalla, Alabama 35111, in the Woodland Park Subdivision community of Tuscaloosa County, Alabama, when the Defendants, or agents and/or employees of the Defendants, tampered with the Plaintiffs' water supply line and placed Master Locks or some variation thereof on the Plaintiffs' main water line running from the water meter box to the Plaintiffs' residential house.

100.   At the time of said trespasses, the Defendants proceeded to tamper with the Plaintiffs' own main water line on the property and utilize said water line to enforce a disputed sewer service assessment.

101.   As a proximate result of Defendants said trespass, Plaintiffs' real estate was damaged, defaced and Plaintiffs were assessed a liability allegedly running with the land based wholly on this trespass.

102.   Because of the willful, intentional, and malicious nature of the Defendants' actions, done with the knowledge of the property damage and each party's respective rights, the Plaintiffs claim punitive damages of Defendants for intentional trespass after notice.

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit; (4)

further, Plaintiffs request injunctive relief such that Defendants be ejected from Plaintiffs' property and injunctive relief be entered preventing further trespass upon Plaintiffs' property; and (5) such other and further relief as the court may deem just and proper.

## COUNT FOUR
### DEPRIVATION OF PROPERTY RIGHTS

103.  Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 102 of this Complaint and incorporates them herein by reference.

104.  On or about July 24, 2017, and continuing through the filing of this action, Defendants have impaired and interfered with Plaintiffs' right of access to its real property water main line. Said illegal conduct being continuously allowed by Defendants Lake View and Lake View G.U.S.C.

105.  As a proximate result of this impairment, Plaintiffs were prevented from accessing their own water main line by threats of criminal prosecution and civil liability.

106.  Because of the willful, intentional, and malicious nature of the Defendants' actions, done with the knowledge of the disposition of the property and each party's respective rights, Plaintiffs claim punitive damages of the Defendants.

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2)

punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit; (4) further, Plaintiffs request injunctive relief such that Defendants be ejected from Plaintiffs' property and injunctive relief be entered preventing further trespass upon Plaintiffs' property; and (5) such other and further relief as the court may deem just and proper.

## COUNT FIVE
PRIVATE NUISANCE

107.   Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 106 of this Complaint and incorporates them herein by reference.

108.   Defendants are purposely and intentionally threatening and obstructing Plaintiffs from accessing a portion of their real property and Plaintiffs' main water supply line, causing Plaintiffs significant inconvenience and damage.

109.   The continuous and recurring nature of the nuisance caused by the Defendants unreasonably interfered and continues to interfere with the Plaintiffs' use and enjoyment of the Plaintiffs' property.

110.   Because of the willful, intentional, and malicious nature of the Defendants' actions, done with the knowledge of the disposition of the property and each party's respective rights, Plaintiffs claim punitive damages of the Defendants.

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit; (4) further, Plaintiffs request injunctive relief such that Defendants be ejected from Plaintiffs' property and injunctive relief be entered preventing further trespass upon Plaintiffs' property; and (5) such other and further relief as the court may deem just and proper.

## COUNT SIX
### OUTRAGE

111.    Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 110 of this Complaint and incorporates them herein by reference.

112.    Defendants intentionally and/or recklessly deprived the Plaintiffs' property rights and threatened Plaintiffs with criminal prosecution and deprived access to water for not paying an alleged sewer service liability.

113.    Plaintiffs have four minor children living in said house of which the Defendants deprived access to water that caused great emotional distress and discomfort to all persons living therein, including the Plaintiffs' seven (7) year old son diagnosed with autism.

114.   Defendants actions are both extreme and outrageous, beyond all possible bounds of decency.

115.   Defendants caused the Plaintiffs to suffer emotional distress through threats and actions so severe that no reasonable person could be expected to endure it given the general welfare and public health concerns associated with access to water and sanitary sewer services.

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit; (4) further, Plaintiffs request injunctive relief such that Defendants be ejected from Plaintiffs' property and injunctive relief be entered preventing further trespass upon Plaintiffs' property; and (5) such other and further relief as the court may deem just and proper.

---

## COUNT SEVEN
### UNLAWFUL DECEPTIVE TRADE PRACTICES

---

116.   Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 115 of this Complaint and incorporates them herein by reference.

117. Defendants knowingly made false or misleading statements of fact concerning the need for apparent "water cut-off" parts, and that Plaintiffs must pay a replacement fee of five-thousand dollars and zero cents ($5,000.00) for a fifteen-dollar and zero cents ($15.00) Master Lock pad lock in contravention of Ala. Code § 8-19-5 (13).

118. Defendants engaged in unconscionable, false, misleading, and/or deceptive acts or practices while conducting trade or commerce wherein there was absence of meaningful choice on the Plaintiffs' part regarding sewer service options; there was unequal bargaining power among the parties as to the disputed sewer services fees; and there were oppressive, one-sided and patently unfair terms in the alleged sewer service contract under Ala. Code § 8-19-5 (27).

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit including attorneys' fees; (4) further, Plaintiffs request injunctive relief such that Defendants be ejected from Plaintiffs' property and injunctive relief be entered preventing further trespass upon Plaintiffs' property; and (5) such other and further relief as the court may deem just and proper.

## COUNT EIGHT
FEDERAL DEBT COLLECTION PRACTICE VIOLATIONS UNDER
15 U.S.C. §1692

119.  Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 118 of this Complaint and incorporates them herein by reference.

120.  Defendants AKETA and ECO-Preservation d/b/a Tannehill Sewer as Debt Collectors for creditor Defendants White, SERMA Holdings, Knobloch, Inc., Lake View G.U.S.C., and Lake View. Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and/or misleading representations were and have been made and are being made to the Plaintiffs and others as more specifically set out herein. Some and/or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendants AKETA and ECO-Preservation d/b/a Tannehill Sewer.

121.  Defendants unlawfully attempted to collect an amount, including interest, fees, charges, and expenses incidental to the alleged principal obligation, not expressly authorized by the agreement creating the debt in contravention of 15 U.S.C. §1692(f)(1).

122.   Defendants unlawfully attempted to collect an amount assessed by threatening to take a nonjudicial action to effect dispossession or disablement of the real property water main line when there was no present right to possession of the real property water main line claimed as collateral through an enforceable security interest and the Plaintiffs' property is exempt by law from such dispossession or disablement in contravention of 15 U.S.C. §1692(f)(6)(a) and (c).

123.   Defendants unlawfully attempted to collect an amount assessed representing and implying that nonpayment of any debt will result in the Plaintiffs' arrest or imprisonment and that the Defendants would attach and sale the Plaintiffs' real property when such action is unlawful under 15 U.S.C. §1692(e)(4).

124.   Defendants unlawfully attempted to collect an amount assessed falsely representing and implying that the Plaintiffs committed crimes in order to disgrace the Plaintiffswhen such action is unlawful under 15 U.S.C. §1692(e)(7).

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit including attorneys' fees; (4) further, Plaintiffs request injunctive relief such that Defendants cease harassing and abusive collection practices and (5) such other and further relief as the court may deem just and proper.

## COUNT NINE
## FRAUDLENT SUPPRESSION OF MATERIAL FACTS

125.   Plaintiffs reallege and replead all allegations presented in paragraphs 1 through 124 of this Complaint and incorporates them herein by reference.

126.   Defendants D.R. Horton – Birmingham owed a duty to disclose material facts concerning the true nature of the sanitary sewer service, namely, that it was a private not public entity regulated by Defendants Lake View and Lake View G.U.S.C., but that said private entity was charging high sewer service rates and was embattled in lawsuits and disputes regarding said sanitary sewer system servicing the Plaintiffs' residential house and real property.

127.   Defendants withheld these facts from the Plaintiffs.

128.   Plaintiffs did not know these facts.

129.   Plaintiffs were harmed by this fraudulent suppression of material facts and would not have purchased the house and real property from the Defendants if they were of aware of such facts.

WHEREFORE, Plaintiffs demand judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful

acts; (3) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit; (4) such other and further relief as the court may deem just and proper.

{PLAINTIFFS' SIGNATURES TO FOLLOW}

*Respectfully submitted, this the   7th     day of September, 2017.*

Plaintiff Nicole Slone

Plaintiff Jonathan Slone

STATE OF ALABAMA          )
                                    )
TUSCALOOSA COUNTY      )

I, the undersigned authority, a Notary Public, in for said County and State, hereby certify that Nicole Slone and Jonathan Slone, whose name is signed to the foregoing document and who is known to me personally, acknowledged before me today, being informed of the contents of the same, executed the same voluntarily on the same that bears this date.

*Given under my hand and official seal this the   7th     day of September, 2017.*

NOTARY PUBLIC

{JURY DEMAND & ATTORNEYS' SIGNATURES TO FOLLOW}

## JURY DEMAND

**The Plaintiffs in the above styled cause demands a
jury for the trial of said cause.**

*Respectfully submitted, this the* __8th___ *day of September, 2017.*

/s/ Bobby H. Cockrell, Jr. (COC-008)

/s/ Jonathan D. Townsend (TOW-014)

COCKRELL, COCKRELL & TOWNSEND
Attorneys for Plaintiffs
1409 University Blvd.
Tuscaloosa, Alabama 35401

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing on the opposing party via special process server, electronic service or by U.S. Mail, via certified mail, return service requested, postage prepaid, and properly addressed.

***Respectfully submitted, this the 8th day of September, 2017.***

J. MICHAEL WHITE
7110 Mountain View Lane
Leeds, Alabama 35094

ECO-PRESERVATION SERVICES L.L.C.
7110 Mountain View Lane
Leeds, Alabama 35094

SERMA HOLDINGS, LLC
7110 Mountain View Lane
Leeds, Alabama 35094

AKETA MANAGEMENT GROUP
7110 Mountain View Lane
Leeds, Alabama 35094

KNOBLOCH, INC.
7110 Mountain View Lane
Leeds, Alabama 35094

TOWN OF LAKE VIEW c/o TOWN CLERK
22757 Central Park Drive
Lake View, Alabama 35111

GOVERNMENT UTILITY SERVICES CORPORATION OF LAKE VIEW
22757 Central Park Drive
Lake View, Alabama 35111

{DEFENDANTS' SERVICE LIST CONTINUED ON NEXT PAGE}

D.R. HORTON, INC. – BIRMINGHAM
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

MICHAEL J. WALRAVEN
2553 Old Oak Lane
Vestavia, Alabama 35243

ENGINEERS OF THE SOUTH, L.L.C.
2025 1st Avenue North Ste 100
Birmingham, Alabama 35203-4173

EOS UTILITY SERVICES, L.L.C.
2025 1st Avenue North Ste 100
Birmingham, Alabama 35203-4173


/s/ Bobby H. Cockrell, Jr. (COC-008)

/s/ Jonathan D. Townsend (TOW-014)

Attorneys for Plaintiffs
1409 University Blvd.
Tuscaloosa, Alabama 35401